Melissa N. Licker
McCalla Raymer Leibert Pierce, LLC
99 Wood Avenue, Suite 803
Iselin, NJ  08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorneys for Secured Creditor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Eric Louis Torres aka Melissa Michalski , Melissa Torres aka Melissa Michalski,<br><br><br><br>                                          Debtors. | Chapter 13<br><br>Case No. 18-23011-CMG<br><br>Hearing Date:  November 19, 2018 at 10:00 a.m.<br><br>Judge: Christine M. Gravelle |

## OBJECTION TO MODIFIED PLAN CONFIRMATION

Specialized Loan Servicing, LLC as servicer for The Bank of New York Mellon, f/k/a The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as Indenture Trustee, on behalf of the holders of the Terwin mortgage Trust 2006-HF1, asset-backed securities, Series 2006-HF1 (the "Secured Creditor"), by its counsel, McCalla Raymer Leibert Pierce, LLC, states the following grounds as and for a Objection to Confirmation of the Debtors' Modifed Chapter 13 plan (the "Plan"):

1.      Secured Creditor holds the perfected second mortgage on Debtors' real property; the property known as 36 ORANGE DR, Marlboro, NJ 07746 (the "Property").  On or about September 1, 2005, Eric Louis Torres borrowed $61,800.00 in exchange for a mortgage given by Eric Torres and Melissa Torres (the "Debtors") on the Property (the "Mortgage").  The Mortgage was recorded prepetition on November 1, 2005 in the Monmouth County Clerk's Office.  A proof

of claim has been filed showing a contractual due date of December 1, 2006 with arrears of

$75,714.80 on a total claim of $129,505.91 at Claim Register #4-1.

      2.      Debtors' Plan, proposes to strip Secured Creditor's lien on the Property based the

Property value of $240,000 and the first mortgagee's filed claim of $270,026.39. *See* Claim #11-

1. Secured Creditor objects to Debtors' valuation and any proposition of value. Secured

Creditor seeks to obtain its own full interior appraisal of the Property to properly determine

whether there is sufficient equity to secure Secured Creditor's mortgage lien and reserves its

rights to obtain its own valuation of the Property.

      3.      Secured Creditor objects to any proposed plan by Debtors that fails to provide a

feasible independent plan of reorganization.

      WHEREFORE, Secured Creditor respectfully requests that the Court deny confirmation

of the Debtors' Modified Chapter 13 Plan for the reasons set forth above and for other relief as

the Court may deem just and proper.

Dated: September 24, 2018

                            McCalla Raymer Leibert Pierce, LLC
                            Attorneys for Secured Creditor
                            /s/ Melissa N. Licker

            By:   Melissa N. Licker